**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAISON ELIAZAR AGUSTIN ARROLLO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| ALEXIS ARMANDO REYES VELASQUEZ<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| DANIEL ARNOLD ZEBALLOS MEDRANO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>) |
| | ) |
| EDWIN GALLARDO MORENO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| ELY LEIVA GARCIA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| MANUEL DE JESUS SARMIENTO TUX<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| MOISES LOPEZ<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| PASTOR ALEXANDER GUALES GONZALES<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| SAUL ZEBALLOS MEDRANO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| TONI JAVIER ZAMORA DUARTE<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| YOSMEN OMAR MORENO ACEITUNO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |

Civil Action No.

IAN CARLO CASTILLO ALVARADO                    )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
JACOBO ROMERO                                  )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
JUAN CARLOS MARTINEZ                           )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
JUAN SANTOS                                    )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
JUAN HERNANDEZ                                 )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
JORGE BANS MARTINEZ                            )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
ALEX MALDONADO ARNEZ                           )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
BLANCA ALEXIA AGUSTIN ARROYO                   )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
MAIKIN GALLARDO                                )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
DELMER DAVID SANCHEZ ORTIZ                     )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )
WILMER ENRIQUE CORNELIO ZAMORA                 )
c/o 5301 Wisconsin Avenue, NW, Suite 800       )
Washington, D.C.  20015,                       )
                                               )

SAUL EFRAIN SOSA BENITEZ         )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
MARIO FERNANDO HERNANDEZ DONIS  )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
RUSBY DAVILA          )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
RUDY GUALES          )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
FREDDY WALES          )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
     and          )
          )
HERIBERTO HERNANDEZ          )
c/o 5301 Wisconsin Avenue, NW, Suite 800  )
Washington, D.C.  20015,          )
          )
     Plaintiffs,         )
          )
     v.          )
          )
JAMES G. DAVIS CONSTRUCTION CORPORATION  )
12530 Parklawn Drive          )
Rockville, MD 20852          )
          )
Serve:          )
     JAMES G. DAVIS CONSTRUCTION CORP.  )
     c/o CT Corporation System,  )
     1015 15th St. NW  )
     Washington, DC 20005  )
          )
BROTHER'S MECHANICAL, INC.,          )
8394 Terminal Road – Unit A          )
Lorton, Virginia 22079          )
          )
          )
          )

Serve:                                                        )
                                                              )
     BROTHER'S MECHANICAL, INC.                    )
     c/o Corporation Service Company                )
     1156 15th Street                             )
     Washington, D.C. 20005                         )
                                                              )
LEO & M PLUMBING LLC,                                         )
1740 Ballenger Creek Pike                                     )
Point of Rocks, MD 21702                                      )
                                                              )
Serve:                                                        )
                                                              )
     LEO & M PLUMBING LLC                           )
     c/o Marcela Alejandra Rosales,                 )
        Registered Agent                      )
        1740 Ballenger Creek Pike             )
        Point Of Rocks, MD 21777              )
                                                              )
JOSE LEONARDO CONTRERAS,                                      )
1740 Ballenger Creek Pike                                     )
Point of Rocks, MD 21702                                      )
                                                              )
           Defendants.                         )

## COMPLAINT

Plaintiffs, Agustin Arrollo Jaison Eliazar, Alexis Armando Reyes Velasquez, Daniel Arnold Zeballos Medrano, Saul Zeballos Medrano, Edwin Gallardo Moreno, Ely Leiva Garcia, Manuel de Jesus Sarmiento Tux, Moises Lopez, Pastor Alexander Guales Gonzales, Toni Javier Zamora Duarte, Yosmen Omar Moreno Aceituno, Ian Carlo Castillo Alvarado, Jacobo Romero, Juan Carlos Martinez, Juan Santos, Juan Hernandez, Jorge Bans Martinez, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, Maikin Gallardo, Delmer David Sanchez Ortiz, Wilmer Enrique Cornelio Zamora, Saul Efrain Sosa Benitez, Mario Fernando Hernandez Donis, Rusby Davila, Rudy Guales, Freddy Wales, and Heriberto Hernandez (collectively "Plaintiffs"), by and through their undersigned counsel, O'Donoghue & O'Donoghue LLP, hereby bring suit against Defendants James G. Davis Construction Corporation, Brother's Mechanical, Inc., Leo & M Plumbing LLC,

and Jose Leonardo Contreras (collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), as set forth below.

1.      This action arises from a construction contract between James G. Davis Construction Corporation and Brother's Mechanical Inc. to perform plumbing and sheet metal work on a redevelopment construction project at 5300 Wisconsin Avenue NW, Washington, DC 20015 ("the Project"). Brother's Mechanical utilized Leo & M Plumbing LLC, by and through its individual owner Jose Leonardo Contreras, as a labor broker and/or subcontractor to provide labor to perform plumbing and sheet metal work on the Project.

2.      As explained below, Defendants Brother's Mechanical Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras failed to pay Plaintiffs for a substantial part of their work.

## **PARTIES**

3.      Plaintiffs are adult residents of the District of Columbia, the State of Maryland, and the Commonwealth of Virginia. While working on the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA. Plaintiffs were also employees of Defendants Brother's Mechanical Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras within the meaning of the DCWPCL, the FLSA, and the DCMWA.

4.      Defendant James G. Davis Construction Corporation ("Davis Construction") is a Maryland corporation that provides an array of construction services in the metropolitan

Washington, D.C. area and nationally.  Davis Construction regularly conducts business in the District of Columbia.  Davis Construction's principal place of business is located at 12530 Parklawn Drive, Rockville, MD 20852.  Davis Construction's resident agent for service of process is CT Corporation System, 1015 15th St. NW, Washington, DC 20005.

5.      Brother's Mechanical, Inc. is a Virginia for-profit corporation and provides "design, installation, and service of multi-family industrial, commercial, high-rise, residential and institutional air conditions, heating, ventilation, plumbing and controls systems" in the metropolitan Washington, D.C. area.  Brothers Mechanical, Inc. regularly conducts business in the District of Columbia.  Brothers Mechanical, Inc.'s principal place of business is located at 8394 Terminal Road – Unit A, Lorton, VA  22079.  Brother's Mechanical, Inc.'s resident agent for service of process is Corporation Service Company, 1156 15th St., NW, Washington, DC 20005.

6.      Leo & M Plumbing LLC ("Leo & M") is a District of Columbia limited liability company and provides plumbing services in the metropolitan Washington, D.C. area.  Leo & M regularly conducts business in the District of Columbia.  Leo & M's principal place of business, and registered agent for service of process, is 508 Oneida St., NE, Washington, D.C. 20011.

7.      At all times relevant to this Complaint, Davis Construction, Brother's Mechanical Inc., and Leo & M were enterprises engaged in commerce within the meaning of the FLSA. Upon information and belief, at all times relevant to this Complaint, the annual gross volume of business of Davis Construction, Brother's Mechanical Inc., and Leo & M exceeded $500,000.  Additionally,

Davis Construction, Brother's Mechanical Inc., Leo & M, and Jose Leonardo Contreras employed employees that "engaged in commerce" within the meaning of the FLSA.  Finally, employees of Davis Construction, Brother's Mechanical Inc., Leo & M, and Jose Leonardo Contreras, handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce for Defendants.

8.     At all relevant times, Jose Leonardo Contreras was the majority owner of Leo & M and he controlled the pay, scheduling, supervision, and hiring and firing of Plaintiffs.

9.     At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants in the District of Columbia.

## JURISDICTION

10.     Plaintiffs are asserting causes of action that arise under the FLSA, the DCMWA, and the DCWPCL.

11.     The jurisdiction of this Court is based on 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions, and the Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

13.     During the period from approximately January 17, 2024 through March, 31, 2025 Plaintiffs performed plumbing and sheet metal work at a redevelopment construction project located at 5300 Wisconsin Ave. NW, Washington, D.C. 20015 (the "Project") for the Defendants.

14.     At all times relevant to the Complaint, Defendants Brother's Mechanical, Inc. and Leo & M were joint employers of Plaintiffs.

15.     Defendant Davis Construction was a General Contractor with a contractual relationship with Defendants Brother's Mechanical, Inc. and Leo & M and is liable to the Plaintiffs for Defendants Brother's Mechanical, Inc. and Leo & M failure to pay Plaintiffs wages and resultant damages.

16.     Throughout the time Plaintiffs performed work on the Project, Jose Leonardo Contreras was often on the job site, directing Plaintiffs' work and controlling Plaintiffs' schedule. Jose Leonardo Contreras retained time records for the work performed by Plaintiffs and repeatedly promised to pay the Plaintiffs for their work if they continued to work on the Project.

17.     Throughout the time Plaintiffs performed work on the Project, Brother's Mechanical, Inc. representatives, including Juan "Neto" Munoz, Luis, and Minor, were on the job site every day for the entire work-day, directing Plaintiffs' work and controlling Plaintiffs' schedule, and directing Plaintiffs to sign time sheets retained by Brother's Mechanical, Inc. that listed Juan Munoz, as a "supervisor/foreman" of Brother's Mechanical, Inc. Brother's Mechanical, Inc. representatives also directed and controlled the work of the Plaintiffs by text message and by telephone.  Brother's Mechanical Inc. representatives often exerted ultimate control over the manner and means by which work was performed by the Plaintiffs.  Brother's Mechanical, Inc.'s representatives directed the work of both Defendant Jose Leonardo Contreras and the Plaintiffs' on the Project.

18.    Defendants Brother's Mechanical, Inc. and/or Leo & M established the wages that Plaintiffs were to be paid under the terms and conditions of their agreement.

19.    Defendants Brother's Mechanical, Inc. and/or Leo & M provided the equipment and material for the Project to Plaintiffs.

20.    Plaintiffs ceased working on the Project on or before March 31, 2025, after Defendants Brother's Mechanical, Inc., Leo & M, and Contreras failed to pay the Plaintiffs for substantial work performed on the Project.

21.    At all times relevant to the Complaint, each Plaintiff had an agreed upon wage-rate for each hour of work that they performed.  Some of the Plaintiffs agreed-upon wage rate was less than the statutory minimum wage rate for the District of Columbia.

22.    When Defendants did pay Plaintiffs wages, Defendants often paid Plaintiffs wages only once a month and not on regular, designated paydays.

23.    The information contained below about the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are estimates and Plaintiffs reserve the right to amend the Complaint to correct or clarify these claims as additional facts become available.

24.    Plaintiff Jaison Eliazar Agustin Arrollo was employed by the Defendants on the Project from on or about March 18, 2024 through March 10, 2025.  His agreed upon hourly wage rate was $20.00 per hour.  He regularly worked forty hours per week and often worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 103 hours of work performed on the Project during the periods of November 18, 2024 through

November 25, 2025, and February 17, 2025 through March 10, 2025. Accordingly, he is owed back wages of $2,060.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

25.    Plaintiff Alexis Armando Reyes Velasquez was employed by the Defendants on the Project from on or about October 24, 2024, through March 31, 2025. His agreed upon hourly wage rate was $25.00 per hour. He regularly worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 155 hours of work performed on the Project during the period of February 24, 2025 to March 31, 2025. Accordingly, he is owed back wages of $3,875.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

26.    Plaintiff Daniel Arnold Zeballos Medrano was employed by the Defendants on the Project from on or about August 1, 2024, through March 31, 2025. His agreed upon hourly wage rate was $15.00 per hour between August 1, 2024 and September 13, 2024, and $16.00 between September 16, 2024 and March 31, 2025 – *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia. He regularly worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage rate – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 215 hours of work performed on the Project during the periods of November 18, 2024 through November 25, 2025, and February 17, 2025 through March 31, 2025. Accordingly, he is owed back wages of $3,762.50 calculated at the statutorily required minimum wage rate of $17.50 per

hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

27.     Plaintiff Edwin Gallardo Moreno employed by the Defendants on the Project from on or about January 6, 2025, through March 31, 2025.  His agreed upon hourly wage rate was $15.00 per hour—less than the statutorily required minimum wage rate for the District of Columbia. He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage rate – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 92 hours of work performed on the Project during the periods of November 18, 2024 through November 25, 2025, and February 17, 2025, through March 10, 2025.  Accordingly, he is owed back wages of $1,610.00 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

28.     Plaintiff Ely Leiva Garcia was employed by the Defendants on the Project from on or about November 18, 2024, through March 31, 2025.  His agreed upon hourly wage rate was $25.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 184 hours of work performed on the Project during the period of March 3, 2025, to March 31, 2025.  Accordingly, he is owed back wages of $4,600.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

29.    Plaintiff Manuel de Jesus Sarmiento Tux was employed by the Defendants on the Project from on or about September 23, 2024, though March 28, 2025.  His agreed upon hourly wage rate was $15.00 per hour between September 23, 2024, and September 27, 2024, and $17.00 per hour between September 30, 2024, and March 28, 2025 — *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage rate – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 180 hours of work performed on the Project during the period of February 24, 2025, and March 28, 2025.  Accordingly, he is owed back wages of $3,150.00 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

30.    Plaintiff Moises Lopez was employed by the Defendants on the Project from on or about November 1, 2025, through February 28, 2025.  His agreed upon hourly wage rate was $24.00 per hour. He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $24.00 per hour – *i.e.,* he was never paid one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 131 hours of work performed on the Project during the periods of November 18, 2024, through November 25, 2024, and February 17, 2025 through February 28, 2025.  Accordingly, he is owed back wages of $3,144.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

31.    Plaintiff Pastor Alexander Guales Gonzales was employed by the Defendants on the Project from on or about March 4, 2024, though March 28, 2025.  His agreed upon hourly wage rate was $15.00 per hour between March 4, 2024, and May 31, 2024, $16.00 per hour between June 3, 2024, and October 4, 2024, and $17.00 per hour between October 7, 2024 and October 28, 2024 — *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia. Between November 4, 2024, and March 28, 2025, his agreed upon wage rate was $18.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage from February 19, 2024 through October 28, 2024, or $18.00 per hour thereafter – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 298.5 hours of work performed on the Project during the periods of November 18, 2024 through November 25, 2024, and February 17, 2025, through March 28, 2025. Accordingly, he is owed back wages of $5,373.00 calculated at $18.00 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

32.    Plaintiff Saul Zeballos Medrano was employed by the Defendants on the Project from on or about September 16, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $15.00 per hour between September 16, 2024, and October 11, 2024, and $17.00 between October 11, 2024, and March 28, 2025 – *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 250 hours of

work performed on the Project during the periods of September 16, 2024, through September 21, 2024, and February 24, 2025, through March 24, 2025.  Accordingly, he is owed back wages of $4,375.00 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

33.    Plaintiff Javier Zamora Duarte was employed by the Defendants on the Project from on or about September 30, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $22.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $22.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 251.5 hours of work performed on the Project during the periods of November 11, 2024, through November 17, 2024, and February 17, 2025, through March 28, 2025. Accordingly, he is owed back wages of $5,533.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

34.    Plaintiff Yosmen Omar Moreno Aceituno was employed by the Defendants on the Project from on or about August 12, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $16.00 per hour between August 12, 2024, and December 31, 2024 — *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia. His agreed upon wage rate was $18.00 per hour between January 1, 2025, and March 28, 2025.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage rate between August 12, 2024, and December 31, 2024, or $18.00 per hour thereafter – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to

pay him entirely for 190 hours of work performed on the Project during the period of February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $3,420.00 calculated at $18.00 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

35.    Plaintiff Ian Carlo Castillo Alvarado was employed by the Defendants on the Project from on or about October 7, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $19.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $19.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 91 hours of work performed on the Project during the period of March 3, 2025 through March 28, 2025. Accordingly, he is owed back wages of $1,729.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

36.    Plaintiff Jacobo Romero was employed by the Defendants on the Project from on or about December 15, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $24.00 per hour.  Defendants failed to pay him entirely for 176 hours of work performed on the Project during the period of February 24, 2025 through March 28, 2025. Accordingly, he is owed back wages of $4,224.00, not including liquidated damages or penalties.

37.    Plaintiff Juan Carlos Martinez was employed by the Defendants on the Project from on or about December 30, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $24.00 per hour.  He occasionally worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $24.00 per hour – *i.e.,* he was

never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 238 hours of work performed on the Project during the period of February 17, 2025, through March 28, 2025. Accordingly, he is owed back wages of $4,752.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

38.   Plaintiff Juan Santos was employed by the Defendants on the Project from on or about October 14, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $24.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $24.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 290 hours of work performed on the Project during the periods of November 18, 2024 through November 24, 2024, and February 17, 2025 through March 28, 2025. Accordingly, he is owed back wages of $6,960.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

39.   Plaintiff Juan Hernandez was employed by the Defendants on the Project from on or about May 5, 2024, through March 3, 2025.  His agreed upon hourly wage rate was $24.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $24.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 120 hours of work performed on the Project during the periods of November 18, 2024 through November 24, 2024, and February 24, 2025 through March 3, 2025. Accordingly, he is owed back wages of $2,880.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

16

40.     Plaintiff Jorge Alberto Bans Martinez was employed by the Defendants on the Project from on or about October 20, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $20.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 230 hours of work performed on the Project during the periods of November 18, 2024 through November 24, 2024, and February 17, 2025 through March 28, 2025. Accordingly, he is owed back wages of $4,600.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

41.     Plaintiff Rudy Guales was employed by the Defendants on the Project from on or about January 17, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $30.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $30.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 200 hours of work performed on the Project during the period of February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $6,000.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

42.     Plaintiff Alex Maldonado Arnez was employed by the Defendants on the Project from on or about September 30, 2024, through February 14, 2025.  His agreed upon hourly wage rate was $16.00 per hour between September 30, 2024, and December 30, 2024, and $17.00 between January 1, 2025, and February 14, 2025 – *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia.  He regularly worked in excess of forty hours per week.

Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 164 hours of work performed on the Project during the period of November 18, 2024, through November 24, 2024, and January 27, 2025, through February 14, 2025. Accordingly, he is owed back wages of $2,870.00 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

43.    Plaintiff Blanca Alexia Agustin Arroyo was employed by the Defendants on the Project from on or about November 17, 2024, through March 28, 2025. Her agreed upon hourly wage rate was $15.00 per hour – *i.e.,* less than the statutorily required minimum wage rate for the District of Columbia. She regularly worked in excess of forty hours per week. Regardless of the number of hours per week she worked, she was never paid more than the statutorily required minimum wage – *i.e.,* she was never paid one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay her entirely for 277 hours of work performed on the Project during the period of February 17, 2025, through March 28, 2025. Accordingly, she is owed back wages of $4,847.50 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period she worked on the Project, the correct minimum wage rate for the entire period she worked on the Project, liquidated damages or penalties.

44.    Plaintiff Maikin Gallardo was employed by the Defendants on the Project from on or about December 30, 2024, through March 28, 2025. His agreed upon hourly wage rate was $15.00 per hour between December 30, 2024, and March 28, 2025 – *i.e.,* less than the statutorily

required minimum wage rate for the District of Columbia.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than the statutorily required minimum wage – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 132 hours of work performed on the Project during the period of February 17, 2025, through March 3, 2025.  Accordingly, he is owed back wages of $2,310.00 calculated at the statutorily required minimum wage rate of $17.50 per hour, not including the overtime for the entire period he worked on the Project, the correct minimum wage rate for the entire period he worked on the Project, liquidated damages or penalties.

45.    Plaintiff Mario Fernando Hernandez Donis was employed by the Defendants on the Project from on or about October 3, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $23.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $23.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 224 hours of work performed on the Project during the periods of November 18, 2024, through November 24, 2024, and February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $5,152.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

46.    Plaintiff Saul Efrain Sosa Benitez was employed by the Defendants on the Project from on or about November 18, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $25.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a

workweek. Defendants failed to pay him entirely for 132 hours of work performed on the Project during the period of February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $3,300.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

47.    Plaintiff Wilmer Enrique Cornelio Zamora was employed by the Defendants on the Project from on or about March 18, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $21.00 per hour from April 2024, through December 31, 2024, and $22.00 per hour from January 1, 2025, through March 28, 2025.  He regularly worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than $22.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 240 hours of work performed on the Project during the periods of November 18, 2024, through November 24, 2024, and February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $5,224.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

48.    Plaintiff Rusby Davila was employed by the Defendants on the Project from on or about January 17, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $25.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 182 hours of work performed on the Project during the period of February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of

$4,550.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

49.    Plaintiff Delmer Sanchez Ortiz was employed by the Defendants on the Project from on or about October, 2024, through March 10, 2025.  His agreed upon hourly wage rate was $23.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $23.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 83 hours of work performed on the Project during the period of February 24, 2025, through March 10, 2025. Accordingly, he is owed back wages of $1,909.00.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

50.    Plaintiff Freddy Wales was employed by the Defendants on the Project from on or about March 1, 2024, through March 28, 2025.  His agreed upon hourly wage rate was $28.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $28.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 256 hours of work performed on the Project during the periods of November 18, 2024 through November 24, 2024, and February 24, 2025, through March 28, 2025. Accordingly, he is owed back wages of $7,168.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

51.    Plaintiff Heriberto Hernandez was employed by the Defendants on the Project from on or about November 24, 2024, through March 3, 2025.  His agreed upon hourly wage rate was $23.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number

of hours per week he worked, he was never paid more than $23.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 48 hours of work performed on the Project during the period of February 24, 2025, through March 3, 2025. Accordingly, he is owed back wages of $1,104.00, not including the overtime for the entire period he worked on the Project, liquidated damages or penalties.

### COUNT I
### VIOLATIONS OF THE DCWPCL

52.    Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 50 as if fully set forth in Count I.

53.    Plaintiffs were "employees" of Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras within the meaning of D.C. Code § 32-1301.

54.    Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301.

55.    Defendant Davis Construction is a general contractor, as that term is used in D.C. Code § 32-1303(5), and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras' violations of the DCWPCL.

56.    Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras employed Plaintiffs to perform work on the Project but failed to pay Plaintiffs at the agreed-upon rates in violation of the DCWPCL.

57.    Defendants also failed to promptly pay Plaintiffs wages on regular payment dates as required by D.C. Code § 32-1302.  The DCWPCL provides that every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer.

58.     Defendants failed to pay Plaintiffs "all wages earned" during certain pay periods in violation of D.C. Code § 32-1302.

59.     Furthermore, the DCWPCL, D.C. Code § 32-1303(2), requires that an Employer pay an employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier.

60.     All Plaintiffs completed their work on the Project no later than March 31, 2025, and all either quit or resigned by that date or prior to that date.

61.     By failing to pay Plaintiffs their wages due not later than the next regular payday or within 7 days from the date of quitting or resigning, the Defendants failed to pay their "wages earned" upon their discharge in violation of D.C. Code § 32-1303(2).

62.     Pursuant to D.C. Code § 32-1303(4), Plaintiffs are entitled to liquidated damages, in an amount equal to "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller."

63.     All Defendants are jointly and severally liable to the Plaintiffs for violations of the DCWPCL.

64.     Pursuant to the DCWPCL, D.C. Code § 32-1308, Plaintiffs seek their unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AND DCMWA**</u>

65.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 63 as if fully set forth in Count II.

66.     Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras

were "employers" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and D.C. Code § 32-1002(3).

67.     Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and D.C. Code § 32-1002(2).

68.     Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras were each an enterprise engaged in commerce and/or Plaintiffs were engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 207(a) and 215(a).

69.     Defendant Davis Construction is a general contractor, as that term is used in D.C. Code § 32–1012(c), and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras's violations of the DCMWA.

70.     Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras violated the overtime provisions of 29 U.S.C. § 207 and D.C. Code § 32-1003(c), by failing to pay Plaintiffs one and one half times their regular hourly rate for each hour over forty that they worked during several work weeks.

71.     Defendants knowingly, and willfully and/or negligently violated the DCMWA and FLSA by failing to compensate Plaintiffs at the statutory rate for overtime hours.

72.     Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the FLSA.

73.     All Defendants are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the DCMWA pursuant to D.C. Code § 32-1012(c).

74.     Pursuant to the FLSA, 29 U.S.C. § 216(b), and DCMWA, D.C. Code § 32–1012, Plaintiffs seek their unpaid overtime wages, liquidated damages, reasonable counsel fees and costs,

and such other and further relief as is deemed appropriate by the Court.

**COUNT III**
**VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA**

75.      Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 73 as if fully set forth in Count III.

76.      For certain weeks, Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras did not promptly pay Plaintiffs' wages on regular payment dates as required by law. FLSA requires that wages be paid promptly on regular payment dates. Defendants violated FLSA by failing to pay wages promptly on regular payment dates for certain hours worked by Plaintiffs.

77.      Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras are jointly and severally liable to the Plaintiffs for violations of the prompt payment provisions of the FLSA.

**78.**      Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

**COUNT IV**
**VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF DCMWA**

79.      Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 61 as if fully set forth in Count IV.

80.      Plaintiffs Daniel Arnoldo Zeballos Medrano, Edwin Gallardo Moreno, Manuel de Jesus Sarmiento Tux, Pastor Alexander Guales Gonzales, Saul Zeballos Medrano, Yosmen Omar Moreno Aceituno, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, and Maikin Gallardo were Defendants' Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras's

25

"employees" and Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code § 32-1002.

81.    Defendant Davis Construction is a general contractor, as that term is used in D.C. Code § 32–1012(c), and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras' violations of the DCMWA.

82.    Defendants were obligated to compensate Plaintiffs pursuant to D.C. Code § 32-1003(6)(a), which requires employers to pay employees a statutorily-established minimum wage rate of at least $17.00 as of July 1, 2023 and $17.50 as of July 1, 2024.

83.    Defendants knowingly, and willfully and/or negligently violated the DCMWA by failing to compensate Plaintiffs Daniel Arnoldo Zeballos Medrano, Edwin Gallardo Moreno, Manuel de Jesus Sarmiento Tux, Pastor Alexander Guales Gonzales, Saul Zeballos Medrano, Yosmen Omar Moreno Aceituno, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, and Maikin Gallardo at the statutory statutorily-established minimum wage rate.

84.    Defendants are jointly and severally liable to the Plaintiffs for the violations of the DCMWA pursuant to D.C. Code § 32-1012(c).

85.    Pursuant to the DCMWA, D.C. Code § 32-1012(b), Plaintiffs Daniel Arnoldo Zeballos Medrano, Edwin Gallardo Moreno, Manuel de Jesus Sarmiento Tux, Pastor Alexander Guales Gonzales, Saul Zeballos Medrano, Yosmen Omar Moreno Aceituno, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, and Maikin Gallardo seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

## COUNT V
## VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA

86.    Plaintiffs restate and incorporate by reference the allegations set forth in

paragraphs 1 through 68 as if fully set forth in Count V.

87.　　For certain weeks during their employment, Defendants' Brother's Mechanical, Inc., Leo & M, and Jose Leonardo Contreras did not pay Plaintiffs the wages Defendants had agreed to pay nor did Defendants pay the minimum wage required by law.

88.　　Section 6(a) of FLSA provides that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at [certain specified] rates[.]" 29 U.S.C. § 206(a).

89.　　FLSA further requires that wages be paid promptly on regular payment dates.

90.　　Defendants violated FLSA by failing to pay minimum wages to Plaintiffs and failing to pay wages promptly on regular payment dates.

91.　　Defendants' failure to pay minimum wages and failure to pay wages promptly was done knowingly.

92.　　Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, IV, and V as follows:

1. That the Court find the Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras jointly and severally liable in the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCWPCL, D.C. Code § 32-1308;

2. That the Court find the Defendant Davis Construction jointly and severally liable with Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo

Contreras for the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCWPCL, D.C. Code § 32-1308 and § 32-1303(5);

3. That the Court find the Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras jointly and severally liable in the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), and DCMWA, D.C. Code § 32–1012;

4. That the Court find the Defendant Davis Construction jointly and severally liable with Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras for the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCMWA, D.C. Code § 32–1012;

5. That the Court find the Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), for violating the prompt payment provision of the FLSA;

6. That the Court find the Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras jointly and severally liable in the amount of unpaid minimum wages due to Daniel Arnoldo Zeballos Medrano, Edwin Gallardo Moreno, Manuel de Jesus Sarmiento Tux, Pastor Alexander Guales Gonzales, Saul Zeballos Medrano, Yosmen Omar

Moreno Aceituno, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, and Maikin Gallardo, an additional equivalent amount of the unpaid minimum wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to DCMWA, D.C. Code § 32-1012(b), for violating the minimum wage provision of the DCMWA.

7. That the Court find the Defendant Davis Construction jointly and severally liable with Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras for the amount of unpaid minimum wages due to Plaintiffs Daniel Arnoldo Zeballos Medrano, Edwin Gallardo Moreno, Manuel de Jesus Sarmiento Tux, Pastor Alexander Guales Gonzales, Saul Zeballos Medrano, Yosmen Omar Moreno Aceituno, Alex Maldonado Arnez, Blanca Alexia Agustin Arroyo, and Maikin Gallardo, an additional equivalent amount of the unpaid minimum wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCMWA, D.C. Code § 32-1012(c), for violating the minimum wage provision of the DCMWA;

8. That the Court find the Defendants Brother's Mechanical, Inc., Leo & M Plumbing LLC, and Jose Leonardo Contreras jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), for violating the minimum wage and prompt payment provisions of the FLSA.

9. To enter judgment against the Defendants in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action;

10. For such further relief as the Court may deem appropriate.


Dated: May 29, 2025                         Respectfully submitted,

                                            s/ Andrew Costa-Kelser
                                            Andrew Costa-Kelser
                                            Jorge Salles Diaz
                                            **O'DONOGHUE & O'DONOGHUE LLP**
                                            5301 Wisconsin Avenue NW, Suite 800
                                            Washington, DC  20015
                                            Telephone (202) 362-0041
                                            akelser@odonoghuelaw.com
                                            jsallesdiaz@odonoghuelaw.com