**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAISON ELIAZAR AGUSTIN          *
ARROLLO, et al.,                *
                                *
     *Plaintiffs*,           *
                                *
v.                              *          Case No.: 1:25:cv-01700-CJN
                                *
JAMES G. DAVIS CONSTRUCTION     *
CORP., et al.,                  *
                                *
     *Defendants*.          *
_____

**DEFENDANT JAMES G. DAVIS CONSTRUCTION CORP.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND CROSSCLAIM**

     Defendant, James G. Davis Construction Corp. ("Defendant"), by and through the undersigned, hereby submits its Answer and Defenses to Plaintiffs' Complaint and states as follows:

**COMPLAINT**

     Defendant is not required to admit or deny the statements in the "COMPLAINT" paragraph, as it is a characterization of Plaintiffs' claims. To the extent a response is required, the allegations are denied**.**

     1.     Defendant clarifies that a joint venture, of which Defendant is a partner, engaged Brother's Mechanical, Inc., to perform work on a redevelopment construction project at 5300 Wisconsin Avenue NW, Washington, DC. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint. To the extent a response is required, the allegations are denied.

2.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint. To the extent a response is required, the allegations are denied.

**<u>PARTIES</u>**

3.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint. To the extent a response is required, the allegations are denied.

4.      Defendant clarifies that it is a Virginia corporation. Defendant admits the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, the allegations are denied.

6.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, the allegations are denied.

7.      Defendant is not required to admit or deny the allegations set forth in Paragraph 7 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

8.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint. To the extent a response is required, the allegations are denied.

9.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint. To the extent a response is required, the allegations are denied.

## JURISDICTION

10.     Defendant is not required to admit or deny the allegations set forth in Paragraph 10 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

11.     Defendant is not required to admit or deny the allegations set forth in Paragraph 11 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

12.     Defendant is not required to admit or deny the allegations set forth in Paragraph 12 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

## FACTUAL ALLEGATIONS

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint. To the extent a response is required, the allegations are denied.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint. To the extent a response is required, the allegations are denied.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint. To the extent a response is required, the allegations are denied.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint. To the extent a response is required, the allegations are denied.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint. To the extent a response is required, the allegations are denied.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint. To the extent a response is required, the allegations are denied.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint. To the extent a response is required, the allegations are denied.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is not required to admit or deny the allegations set forth in Paragraph 23 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations in Paragraph 45 of the Complaint.

46.    Defendant denies the allegations in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations in Paragraph 48 of the Complaint.

49.    Defendant denies the allegations in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

## COUNT I
## VIOLATIONS OF THE DCWPCL

52.     Defendant repeats, realleges and incorporates herein all of its responses set forth in Paragraphs 1 through 51 above.

53.     Defendant is not required to admit or deny the allegations set forth in Paragraph 53 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

54.     Defendant is not required to admit or deny the allegations set forth in Paragraph 54 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

55.     Defendant is not required to admit or deny the allegations set forth in Paragraph 55 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

56.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of the Complaint. To the extent a response is required, the allegations are denied.

57.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the Complaint. To the extent a response is otherwise required, the allegations are denied.

58.     Defendant is not required to admit or deny the allegations set forth in Paragraph 58 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

59.     Defendant is not required to admit or deny the allegations set forth in Paragraph 59 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

60.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Complaint. To the extent a response is required, the allegations are denied.

61.     Defendant is not required to admit or deny the allegations set forth in Paragraph 61 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

62.     Defendant is not required to admit or deny the allegations set forth in Paragraph 62 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

63.     Defendant is not required to admit or deny the allegations set forth in Paragraph 63 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

64.     Defendant is not required to admit or deny the allegations set forth in Paragraph 64 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AND DCMWA

65.     Defendant repeats, realleges and incorporates herein all of its responses set forth in Paragraphs 1 through 64 above.

66.     Defendant is not required to admit or deny the allegations set forth in Paragraph 66 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

67.     Defendant is not required to admit or deny the allegations set forth in Paragraph 67 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

68.     Defendant is not required to admit or deny the allegations set forth in Paragraph 68 of the Complaint because they constitute a legal conclusion. To the extent a response is required, the allegations are denied.

69.     Defendant is not required to admit or deny the allegations set forth in Paragraph 69 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

70.     Defendant is not required to admit or deny the allegations set forth in Paragraph 70 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendant is not required to admit or deny the allegations set forth in Paragraph 72 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

73.     Defendant is not required to admit or deny the allegations set forth in Paragraph 73 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

74.     Defendant is not required to admit or deny the allegations set forth in Paragraph 74 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

**COUNT III**
**VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA**

75.     Defendant repeats, realleges and incorporates herein all of its responses set forth in Paragraphs 1 through 74 above.

76.     Defendant is not required to admit or deny the allegations set forth in Paragraph 76 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

77.     Defendant is not required to admit or deny the allegations set forth in Paragraph 77 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

78.     Defendant is not required to admit or deny the allegations set forth in Paragraph 78 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

**COUNT IV**
**VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF DCMWA**

79.     Defendant repeats, realleges and incorporates herein all of its responses set forth in Paragraphs 1 through 78 above.

80.     Defendant is not required to admit or deny the allegations set forth in Paragraph 80 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

81.     Defendant is not required to admit or deny the allegations set forth in Paragraph 81 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

82.     Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendant is not required to admit or deny the allegations set forth in Paragraph 83 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

84.     Defendant is not required to admit or deny the allegations set forth in Paragraph 84 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

85.     Defendant is not required to admit or deny the allegations set forth in Paragraph 85 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

## <u>COUNT V</u>
## <u>VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA</u>

86.     Defendant repeats, realleges and incorporates herein all of its responses set forth in Paragraphs 1 through 85 above.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant is not required to admit or deny the allegations set forth in Paragraph 88 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

89.     Defendant is not required to admit or deny the allegations set forth in Paragraph 89 of the Complaint because they constitute a legal conclusion. To the extent a response is otherwise required, the allegations are denied.

90.     Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendant is not required to admit or deny the allegations set forth in Paragraph 92 of the Complaint because they are a characterization of Plaintiffs' claims. To the extent a response is otherwise required, the allegations are denied.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief sought in Plaintiffs' "ANSWER TO PRAYER FOR RELIEF." Defendant requests that this Court dismiss the Complaint with prejudice; that it enters judgment in Defendant's favor and against Plaintiff on all counts; and that this Court award Defendant its costs and attorneys' fees incurred.

## AFFIRMATIVE DEFENSES TO COMPLAINT

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The claims are barred, in whole or in part, by the statute of limitations.

3.     None of the allegedly wrongful acts of which Plaintiffs complain can be attributed to Defendant for the purposes of liability or punitive damages under principles of agency, respondent superior, or any other legal theory.

4.     Defendant at all times acted in a legal and proper manner as to all of its obligations related to work on the Project.

5.     The Complaint and each and every claim alleged therein is barred because, at all times relevant and material thereto, Defendant was not Plaintiffs' employer.

11

6.      Defendant neither made any decision nor took any action that was motivated by willful, reckless or conscious disregard for the rights of Plaintiffs.

7.      To the extent Plaintiffs reported their own time, they are estopped from claiming additional work time. Further, Defendant has no knowledge of any alleged uncompensated work by Plaintiffs because Defendant did not authorize, require, request, suffer, or permit such activities by Plaintiffs.

8.      The claims for liquidated damages should be denied with respect to Defendant because it did not know, and should not have known, that Plaintiffs were not paid for all wages due, which evidences the existence of a *bona fide* dispute.

9.      Plaintiffs have failed to mitigate their damages. For example, Plaintiffs failed to notify Defendant of the alleged statutory violations at the time the violations allegedly occurred, preventing Defendant from taking any action to remedy the alleged violations.

10.     Plaintiffs' claims are barred by the doctrines of accord and satisfaction, payment and release.

11.     Any uncompensated time was *de minimis*.

12.     Plaintiffs' claims are barred, in whole or in part, by the intervening and superseding acts of others, for which Defendant bears no responsibility.

13.     Plaintiffs' claims, or relief sought, are barred at least in part under the doctrine of double-recovery.

14.     The Fair Labor Standards Act does not set a specific deadline for payment of wages.

15.     Any statute imputing automatic liability on Defendant for the act of a subcontractor without the opportunity to demonstrate a lack of fault creates an irrebuttable presumption that violates Defendant's constitutional due process rights.

## **<u>RESERVATION OF RIGHTS</u>**

Defendant reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

**DEFENDANT JAMES G. DAVIS CONSTRUCTION CORPORATION'S
CROSSCLAIM AGAINST DEFENDANTS BROTHERS MECHANICAL, INC., LEO &
M PLUMBING, LLC AND JOSE LEONARDO CONTRERAS**

James G. Davis Construction Corporation ("DAVIS") brings this Crossclaim against Brothers Mechanical, Inc. ("Brothers"), Leo & M Plumbing LLC, and Jose Leonardo Contreras (collectively, "Subcontractor Defendants") for contribution and indemnification and for such other and further relief as set forth below:

1.     Plaintiffs Jaison Eliazar Agustin Arrollo, et al., ("Plaintiffs") brought this putative collective against DAVIS, Brothers, Leo & M Plumbing LLC, and Jose Leonardo Contreras asserting claims under 29 U.S.C. §§ 201 *et seq.* ("Fair Labor Standards Act" or "FLSA"); D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"). Plaintiffs allege that Brothers, Leo & M Plumbing LLC, and Jose Leonardo Contreras are liable for damages allegedly sustained by Plaintiffs under the FLSA. In addition, Plaintiffs allege that each of the Defendants is liable for damages allegedly sustained by Plaintiffs and those allegedly to similarly situated individuals under the D.C. Minimum Wage Act and the D.C. Wage Payment and Collection Law.

2.     DAVIS, as a partner in a joint venture, entered into a subcontract (the "Agreement") with Brothers, in which Brothers agreed to provide plumbing and mechanical services and other related work at Mazza Gallerie, 5300 Wisconsin Avenue NW, Washington, DC 20015 ("the Project"). Brothers was a subcontractor of DAVIS on the Project. The Complaint alleges that the Subcontractor Defendants were subcontractors of DAVIS on the Project.

3.     Under Paragraph 26 of the Agreement, Brothers agreed that it would "comply with all local, state and federal laws regulating licensing, employment and labor practices that are applicable by general laws or the requirements of the Prime Contract…[Brothers] shall indemnify

14

and save harmless James G. Davis Construction Corporation from all costs, claims and liability arising therefrom."

4.      Further, under Exhibit H of the Agreement, Brothers further agreed that "[u]nless a legally recognized exemption exists, all workers are entitled to payment of wages no less frequently than every two weeks; at no less than the statutorily set minimum rate; and at the appropriate overtime rate for time worked in excess of 40 hours in a given work" and "[Brothers] shall defend, indemnify and hold harmless Contractor from and against all claims, liabilities, fines, assessments and expenses (including reasonable counsel fees) arising out of the performance or non-performance of the obligations of Subcontractor, or any of its subtiers, under this Exhibit.."

5.      DAVIS performed all of its obligations under its subcontract with Brothers.

6.      Plaintiffs bring claims arising solely out of the mechanical services provided by Brothers under the Agreement. Plaintiffs seek to hold DAVIS liable for the actions of the Subcontractor Defendants, including Brothers, Brothers' subcontractors and/or Brothers' sub-tier.

7.      DAVIS denies that it is indebted to Plaintiffs or the allegedly similarly situated individuals referenced in Plaintiffs' Complaint, and DAVIS denies that Plaintiffs are entitled to any recovery as against DAVIS whatsoever.

8.      DAVIS is currently incurring losses and expenses in the form of attorneys' fees and costs in the defense of this suit, which has arisen directly out of the obligations undertaken and operations conducted under the subcontract by DAVIS and Brothers.

9.      Brothers is responsible for indemnifying DAVIS under the terms of their subcontract agreement for all attorneys' fees and costs incurred in the defense of this suit and in pursuit of this Crossclaim.

10.     If Brothers violated the FLSA, DCMWA, or DCWPCL, Brothers has breached the subcontract agreement with DAVIS.

11.     In the event of a violation of law or a breach of contract as alleged, Brothers is responsible to indemnify DAVIS for any damages, losses, or expenses arising out of this lawsuit under the terms of their subcontract agreement.

### COUNT I – CONTRACTUAL INDEMNITY
### (Against Brothers)

12.     DAVIS repeats and incorporates by reference the allegations in Paragraphs 1 through 11 as if set forth fully herein.

13.     DAVIS has incurred and is currently incurring losses and expenses in the form of attorneys' fees in the defense of this matter and in pursuit of this Crossclaim, which have arisen directly out of the obligations undertaken and operations conducted under the subcontract by Brothers.

14.     Pursuant to Paragraph 26 and Exhibit H of the Agreement, Brothers is responsible to indemnify DAVIS under the terms of the Agreement for all attorneys' fees and costs incurred in the defense of this matter and in pursuit of this Crossclaim.

15.     Pursuant to Paragraph 26 and Exhibit H of the Agreement, Brothers is liable to indemnify DAVIS against any and all damages, costs, and expenses, including attorneys' fees, awarded against DAVIS arising out of or related in any way to acts or omissions of Brothers, Brothers' subcontractors and/or Brothers' sub-tiers.

### COUNT II – INDEMNITY PURSUANT TO DCMWA
### (Against All Subcontractor Defendants)

16.     DAVIS repeats and incorporates by reference the allegations in Paragraphs 1 through 15 as if set forth fully herein.

17.    According to D.C. Code § 32-1012(c):

[T]he subcontractor shall indemnify the general contractor for any wages, damages, interest, penalties, or attorneys' fees owed as a result of the subcontractor's violations of this subchapter, unless those violations were due to the lack of prompt payment in accordance with the terms of the contract between the general contractor and the subcontractor.

18.    DAVIS paid all money due to Brothers in accordance with the terms of the Agreement.

19.    DAVIS does not know, nor should it have known, whether the Subcontractor Defendants failed to pay workers all wages due.

20.    Accordingly, pursuant to D.C. Code § 32-1012(c), "[The Subcontractor Defendants] shall indemnify the general contractor for any wages, damages, interest, penalties, or attorneys' fees owed as a result of the subcontractor's violations of this subchapter[.]"

## COUNT III – INDEMNITY PURSUANT TO DCWPCL

21.    DAVIS repeats and incorporates by reference the allegations in Paragraphs 1 through 20 as if set forth fully herein.

22.    According to D.C. Code § 32-1303(5):

[T]he subcontractor shall indemnify the general contractor for any wages, damages, interest, penalties, or attorneys' fees owed as a result of the subcontractor's violations of this chapter, the Living Wage Act, and the Sick and Safe Leave Act, unless those violations were due to the lack of prompt payment in accordance with the terms of the contract between the general contractor and the subcontractor.

23.    DAVIS paid all money due to Brothers in accordance with the terms of the Agreement.

24.     DAVIS does not know, nor should it have known, whether the Subcontractor Defendants failed to pay workers all wages due.

25.     Accordingly, pursuant to D.C. Code § 32-1303(5), "[The Subcontractor Defendants] shall indemnify the general contractor for any wages, damages, interest, penalties, or attorneys' fees owed as a result of the subcontractor's violations of this chapter, the Living Wage Act, and the Sick and Safe Leave Act[.]"

**COUNT IV – IMPLIED OR EQUITABLE INDEMNITY AND/OR CONTRIBUTION**

26.     DAVIS repeats and incorporates by reference the allegations in Paragraphs 1 through 25 as if set forth fully herein.

27.     If it is determined that Brothers has breached the Agreement as alleged, then Brothers has an implied duty to indemnify DAVIS against or contribute toward any and all damages, costs, and expenses, including attorneys' fees, awarded against DAVIS based upon the unjust and unsatisfactory nature of such result caused by violations by Brothers and through no fault of DAVIS .

WHEREFORE, the DAVIS demands judgment against Brothers and the other Subcontractor Defendants in the amount of any judgment that might be entered against DAVIS in favor of Plaintiffs or allegedly similarly situated individuals, as well as DAVIS's attorneys' fees and costs in defending this matter and in pursuing this Crossclaim, plus costs, interest and such other and further relief as the Court may deem appropriate.

Dated: July 23, 2025                    Respectfully submitted,


                                        /s/ *Parker E. Thoeni*
                                        Parker E. Thoeni (Bar No. 241999)
                                        Jamie L. McPherson (Bar No. 1736170)
                                        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                        One South Street, Suite 1800
                                        Baltimore, MD 21202
                                        Telephone: (410) 752-1040
                                        parker.thoeni@ogletreedeakins.com
                                        jamie.mcpherson@ogletreedeakins.com

                                        *Attorneys for Defendant James G. Davis Construction Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2025, a true and correct copy of Defendant James

G. Davis Construction Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint

and Crossclaim was electronically filed and thereby served upon:

Andrew Costa-Kelser
Jorge Salles Diaz
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Avenue NW, Suite 800
Washington, DC 20015
akelser@odonoghuelaw.com
jsallesdiaz@odonoghuelaw.com

*Attorneys for Plaintiffs*

Margaret Marks
Odin Feldman Pittleman
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
meg.marks@ofplaw.com

*Attorney for Brothers Mechanical, Inc.*

Gerald Gilliard
The Leiser Law Firm
1750 Tysons Blvd., Suite 1500
Tysons, VA 22102
glgilliard@leiserlaw.com

*Attorney for Leo & M Plumbing LLC & Jose Leonardo Contrera*


/s/ *Parker E. Thoeni*
Parker E. Thoeni